UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN A. WISE                                                            JURY TRIAL DEMANDED

v.                                                                               CASE NO.  3:08CV

J.C. CHRISTENSEN & ASSOCIATES, INC.
ARRAY SERVICES GROUP, INC.

## COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Creditor's Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2.  The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3.  Plaintiff is a natural person who resides in CT.

4.  Each Defendant is a debt collector within the FDCPA.

5.  Each defendant communicated with plaintiff and others in connection with collection efforts regarding plaintiff's disputed personal account allegedly owned by Resurgent Capital Services.

6.  Defendant Array has a place of business at 200 14th Ave E, Sartell MN 56377 which was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when making calls to plaintiff regarding the Resurgent account.

7.  Resurgent Capital Services is licensed as a consumer collection agency in Connecticut and by law may not buy debt for the purpose of collection.

8.  Defendant JCC is licensed as a consumer collection agency in Connecticut, is fully familiar with licensing requirements and restrictions, and is easily able to check its licensing status on the Connecticut Banking Department web site.

9. Defendant Array did not provide the notices required by the FDCPA.

10. The defendant JCC did not comply with the notice requirements of 15 U.S.C. § §1692g

11. The defendant JCC made certain representations or threats about the imminence of suit by Resurgent and about Resurgent's legal representation in Connecticut which were false.

First Count

12. In the collection efforts, defendants violated the FDCPA, *inter alia*, § 1692e, -f or -g.

Second Count.

13. Within three years prior to the date of this action each Defendant engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, C.G.S. §36a-645 *et seq.*, or the Consumer Collection Agency Act, C.G.S. § 36a-800 *et seq.*

14. Each Defendant has thereby committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, statutory, compensatory and punitive, including $1,000 statutory damages for each communication;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY___/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 Avon Street
NEW HAVEN, CT 06511-6957
(203) 772-0395
j.faulkner@snet.net